Yes, good morning. Our final case for today is Rhone v. Medical Business Bureau. Oh, that's all right. No problem. If you need a minute, that will be fine. I'm fine. I went to take a quick break. All right. So, yes, and you are Ms. Strickler? I am. I'm Ms. Strickler. May it please the court, I'm Nicole Strickler and I represent the appellant, Medical Business Bureau, concerning the appeal today. This appeal stems from the district court's random summary judgment to Appellee Diane Rhone in a case filed under the Fair Debt Collection Practices Act. Specifically, the district court found that appellant violated 1692 E2A in reporting appellee's nine debts separately, as opposed to consolidating those debts and reporting only one debt. Let me decide when unpaid charges should constitute one debt and when they are separate. Would you have us rely entirely on the creditor's characterization of the debt? I would, Your Honor. I think it depends upon the way the creditor has treated the debt and also the relationship between the debtor and the creditor. I think the creditor is in the best position to determine the nature of the debt, just as the district courts in the circuit have held that the creditor's in the best position to determine when the debt is in default. I think it's a similar analysis. It would be based on... That is certainly one possibility. I wonder whether there are any applicable regulations, has the Consumer Finance Protection Bureau or its predecessors issued any regulations about this? Not to my knowledge, Your Honor. I haven't uncovered anything in my research. Forgetting about that particular issue, are there any regulations defining the term character? The statute doesn't tell us what the character of the debt is. I wonder if there are any regulations. The Financial Protection Bureau is currently considering regulations specific to the area of debt collection under their authority. However, nothing has come out specific yet. We've been waiting. Okay. Well, if there's no regulation, there's no regulation. But what I wondered, I guess I was trying to come at this from the point of view of what your client's real concern seems to be, and it seems to be the identification of the nine trade lines. Another word that I wondered exactly is Judge Easterbrook, whether it had some definition. And it does appear... That question was coming next. Yes. It does appear that both the Federal Trade Commission and the Consumer Finance Protection Bureau have had something to say about that. And then I wondered if you were filing in bankruptcy, would you issue something saying that this debt was nine debts? Would you have nine different lines? Would you do it by creditor? Because there are definitions of trade line that look to be broader, although that's not a word that shows up in 1692E. So I guess I'm a bit at a loss as to the right way to look at this. Your amicus, the amicus brief not filed on your behalf, the other side's amicus brief, seems to think that it's different whether it's an open account or a closed account. So if I go to Macy's and I buy a suit and then I decide to buy a pair of shoes, that's one debt that I have with Macy's, not two. But do we have anything concrete to hang on to? I think, Your Honor, in terms of how to determine the character of the debt, what we keep going back to, is I think it's factual. Why are you using the word character of the debt? I mean, what's the statutory language? Character. Character. That's it. Yeah, 1692E2A. That's the statutory word. And without a definition, it's completely useless. It doesn't have an ordinary definition so far as I can see. The character, amount, or legal status. Yeah. Correct. And the district court focused on the term character in relation to this particular issue. It's like if it's a worthy upstanding debt, you know? No, I could imagine it being something like the difference between a credit card debt and a secured real estate debt. That might be the character of the difficulty seeing that the character of the debt is the same thing as the number of transactions. Right, Your Honor. Or how many trade lines there are. I think the difficult part is that it does come into a factual issue of what kind of debt is it? And I think that the evidence before the district court here, we saw how the creditor itself treated the debt, which the way that creditor transmitted the information to my client, the way that it treated the debt when it was submitting it to insurance. And I think that's another portion that can't be lost on the court is that a lot of this has to do with the way the insurance providers are processing the individual debts. Because the... Did the technical business bureau assert the defense of good faith? And if not, if we find that the debt should have been considered one debt, would it matter that medical business could not have been expected to realize that? Well, I think, Your Honor, I believe we did raise the bona fide error defense in our pleadings. It was not argued in the party's cross motions for summary judgment. However, we did argue that, you know, we were relying on, the information provided to us. And there was really no way for medical business bureau to determine that this particular debt was, say, related to one course of treatment or dealt with a single injury. None of that information was in medical business bureau's possession at the time of the credit reporting. So, which also makes it difficult because where exactly do we draw the line on what the debt collector's supposed to determine in terms of the character of the debt? Is it really them that should be making that determination? I say no. I don't think debt collectors should be charged with making the determination of whether, you know, these... If the debt collector's receiving these separate debts from the creditor, it shouldn't be up to them to then decide, well, even though we don't have all the information, we're just going to consolidate those. That shouldn't be a choice that they're going to make. Let me ask you a somewhat different question. One of the things that your opponents raise is that on this record, it's not clear that Ms. Roan actually suffered any injury attributable to this reporting. Is that relevant? Irrelevant? I mean, I don't know what her credit rating was before she started having the treatments at the Illinois Bone and Joint Institute. What it is after, whether she's right. I mean, I guess she has this allegation about a car that she can't refinance. So the only evidence in the record, or I wouldn't call it evidence because it's hearsay and it's not admissible evidence, but she testifies that someone told her she was denied a car loan because of her credit. Now, if you take a look at their actual credit report, this is one of many, many, many unpaid accounts. So at the district court level, plaintiffs stated they were not seeking any actual damages and never really made that argument regarding harm. But your legal argument is that she would be entitled to some statutory damages, even if she couldn't show actual damages? That seems to be what the district court thought. The district court kind of zipped off onto the thousand dollars pretty precipitously. Sure, Your Honor. And that actually brought us to our other point on the statutory damages issue where we don't feel like that the court considered any of the factors in determining to issue that $1,000 award and referred to it as the minimal amount as opposed to the statutory maximum and failed to put any of those, its decision on the record regarding the issue of that damages. And we think that point alone was an error. But that wouldn't deprive her of a claim. It would just require recomputation. Correct. You know, further proceedings on the damages. Correct, Your Honor. It just seems so silly to me to think that every time a unique transaction number gets put on a bill, you have a different debt. You have a different trade line. People would have And that could be the result in certain circumstances. As in this one. You said she had 61, right? Well, she had 61 unique accounts with this particular creditor. Only nine of them were subject to the credit reporting. And that's basically... If a person failed to pay the bill for items purchased from a store, could the debt be reported separately for each item purchased in that transaction, given that the items are separately itemized and billed by the store? Let's assume she doesn't have a store credit card. Don't do that. Sure, Your Honor. Again, I think it's a factual determination. And I think it's the relationship that she had. I mean, was it an open account or was it not an open account? And how is that determined? And I think it's determined by the relationship between the creditor and the debtor and what they agreed to and what the history was of the transactions. But suppose this... I'm going to elaborate on Judge Rovner's store thing. Suppose she doesn't have a Macy's credit card, but she goes into layaway an item. And then she comes back and she puts on layaway another item and she's not making the payments that you're supposed to. Do these all get lined up as different debt, different accounts, as though she has millions of different accounts with Macy's? If that's the way that the creditor treats it, I think that it does. Really? I mean, so in bankruptcy then, you'd have pages upon pages of Macy's debts. One of them is for $72. One of them is for... Well, you could have multiple Macy's accounts anyway. I mean, you could have multiple credit cards with the same creditor. I mean, you could have multiple... Yeah, but per transaction is what bothers me about this. Well, I think, Your Honor, also that medical debt specifically is kind of its own beast, so to speak, and that has a lot to do with the insurance. Beast is a good word. Yeah. It is. I don't deny that it is, and I think that has a lot to do with the insurers and the way the insurers are processing. Was there any argument in the district court based on how the insurer handled these debts? Because it looks like the insurer... It looks to me, maybe this is wrong, like the insurer treated them as separate debts because it applied a distinct copay to each one rather than applying a copay to the total. And that's exactly what happened, and that's how that... Was there an argument about the effect of the insurer's behavior in the district court? I know, Your Honor, that it was discussed in Eric Mock's deposition, the president of MBB. Honestly, I cannot recall specifically how much we delved into that particular point, but I know that it is in the record as the... But it does seem clear that the defendant is not the insurer. Within my rebuttal time, I believe... Yeah, you can save if you'd like. That's no problem. Mr. Brown. May it please the court? All the facts in the record point to this being a single account, and a single account should be reported as a single trade line. Counsel, I want to come back to this question about what is the character of the debt. I could certainly understand a regulatory argument that all the sums due to a particular creditor should be aggregated in the bottom line reporting. The question is whether that is required by the word character of the debt. What's your understanding of the meaning of that word? Well, I think the meaning... And where do we get the meaning from? Well, I think the meaning of that word is going to be context dependent, and the context here is credit reporting multiple trade lines versus one trade line. And Equifax... No, look. The word trade line is not in the statute. It doesn't appear to be in any regulation. It appears to be something that Equifax uses, but we're trying to apply the statutory term. So I'd like you to go back to my question. Where do we get the meaning of the word character? Well, and again, I think that the term character is going to be context dependent entirely. So what is the character of the debt? It's going to depend on the facts and circumstances surrounding that debt. No, no, no. We're not playing loosey-goosey where it doesn't have any meaning at all. It has to have some meaning, right? Character is followed immediately by the word amount, right? There's no doubt, I gather, that the defendant reported the amounts correctly. So the question is, under what circumstances, when the amount is correct, is there nonetheless a misrepresentation of the character? Well, I think this case provides a good example where there is a single account. I'm not asking you to... Maybe this is just unhelpful, but I'm asking where we get the meaning of a term. I'm not asking you to say, let's just dispense with that inquiry and apply the equities of this case. It's a term with legal meaning, and I'm trying to figure out where the meaning comes from. Well, I think character has a plain and ordinary meaning. Oh, well. But why does it? I mean, that's news to me too. I mean, Judge Easterbrook suggested something a while ago. I mean, it could be a secured debt or an unsecured debt. Okay, I would understand that being an attribute of the debt. Or maybe a judgment debt versus some other kind of debt. Right, a judgment debt. We do have to have character be something different from legal status. I don't know. I mean, that's a whole different thing. Well, I think singular versus plural would speak directly to the character of the debt. Is this a debt that should be reported as a singular debt, or is this a debt that should be reported as multiple debt? Well, so we need to back up. You have to say you owe money to... Everybody agrees it's just one creditor. It's the Illinois Bone and really they're the creditor. So the question is, if you have one creditor and you've rolled up a lot of obligations, I'll use a different word, to that creditor, then what do you have? And there's actually nothing false, per se, about what the bill said. No one disagreed about the dates. No one disagreed about how much money was left over after the insurance company paid its share. So there's something else that's disputed, and I don't know whether that's the legal relationship between the debtor and the creditor. That sounds more like legal status, actually. Whether the debt had been... Whether it was stale or still collectible. There's so many things character might mean. I'm not really sure what we're to do with it. Well, I think it's helpful to look at the facts in this case. So here there's a single... But why does that help us if we have a statute? You're here today for your case. Somebody else would be here tomorrow with their case, and we're going to have to still make some sense out of this word. There is a word in a statute, and there are the facts of this case. We have to apply the meaning of the statute to the facts of this case. And you can't say, just look at the facts of this case, because then we don't know the meaning of the statute to apply to the facts of this case. That's why I'm asking what the word means. And it's why the response, look at all the facts and circumstances, doesn't cope with the problem. Well, I think that whether a debt is a single account or multiple accounts is part of the character of the debt. Character is a pretty general term. Why? Why? Because it's going to impact what a creditor does. It's going to impact what they communicate to the world about what somebody owes. It doesn't tell us about the meaning of the word. Let me ask you from a different perspective. Do you agree that the insurer perceived nine transactions rather than one? Nine debts. I believe that the insurer perceived nine claims. Nine claims. Nine insurance claims. But I don't think insurance claims determine the nature of the obligation. The insurer didn't aggregate them into one. No, they were processed per visit as separate claims. So what is it about the word character that compels a credit bureau to deal with these transactions differently from the way the insurer deals with them? Well, I think the character is going to speak to the course of dealing between the creditor and the debtor. It's going to speak to whether there are multiple accounts or a singular account. It's going to be the overall picture of what this obligation is. So let me give you a different situation, which I have some experience with. Suppose you go to Northwestern Hospital and you decide to have your hip replaced. And, you know, they will give you a lot. You owe a lot of money to Northwestern Hospital and various claims get submitted to the insurance company. Some of them are for, you know, nursing services. Some of them are for anesthesiology. The room. I don't mean the doctor. That's a whole different bill. But you just have this one creditor. Your notion seems to be that the character of the debt relates to whom is the debt owed as opposed to how many transactions did you have with that entity or person? Well, I think the character can encompass both. I don't know where you get that from. That would be a possible meaning. Well, I think character encompasses both. And I think that character speaks to what is the nature of the relationship between the creditor and the debtor. And so CFPB's adoption of experience definition of trade line, which is a different word, of course, but you could say maybe character means trade line. I don't know. Trade line information includes names of companies where the applicant has accounts, dates the accounts were opened, credit limits, types of accounts, and all sorts of things like that. That at least is factual information you can get your hands around. I don't know if it resolves this question, though, whether we have nine different debts, in which case there's nothing false about what medical business presented or whether it means there's just one. Well, there were nine different invoices, but it was all for one account. And the mischaracterization— One patient number. They had separate invoice numbers. Separate invoice numbers, one patient number, one account statement that consolidated all nine of those invoices with one accrued balance. And that is what an account is, is where you have a— So you're making almost an estoppel argument? No, not an estoppel argument. I'm just saying that the nature of the debt is going to be determined by the course of dealing between the creditor and the debtor. And the course of dealing here was an ongoing relationship where she sought additional services even without covering her past expenses. Why would she have some kind of medical condition that required her to go there once every six months, and she got a separate bill just exactly like these bills, except that they were six months apart instead of a matter of days? Well, I would say if the creditor consolidated it into a single account statement, and all those bills were included on the single account statement, then you have a single account. And the mischaracterization was taking a single account but splitting it up into nine separate trade lines. Suppose you go to an auto dealer and you buy two cars, his and hers cars, and don't pay for either one. Is it necessary to report the aggregate, or can a credit bureau report the total due for each car? It would depend on the nature of the transaction. If there's two separate sales contracts— Is there any way the credit bureau can know what it's supposed to do? As I hear the argument developing, it's damned if you do and damned if you don't. If you add them together, and they were supposed to be separated depending on the nature of each transaction, you're liable. If you don't add them together depending on the nature of each transaction, you're liable. I can imagine a regulation saying, do it one way or do it the other, but let's all make it up after the fact is not a very satisfactory legal approach. Can you give us other cases? If the agencies have fallen down on the job, how about other courts? There don't appear to be any cases directly on this issue, despite a fair amount of research I'm sure by both sides. But the issue here is that— I didn't see it. The obligation is to report the information truthfully and accurately. Credit reporting is voluntary. There isn't any inaccuracy here. There were, in fact, nine visits. The amount due for each visit is, in fact, $60, and the total is $540. That's why you're relying on character rather than amount. But it was reported as nine separate accounts. It made it look like this debtor owed money all over town. Well, that's why I actually started out back on Tradeline, because it seems at the bottom of all of this, she doesn't want it to look like she's left lots of creditors in the lurch when she—I'll be generous and say it's really just this creditor, at least for these nine. Actually, we know that's not true, but never mind. But the idea that the number of creditors that are showing up on your Experian report would have an impact on your credit score, I'll accept as a common sense fact. I mean, I think you would need evidence. There isn't any evidence in the record. For all I know, her credit rating was so bad before she did this that the fact that this happened was neither here nor there. But maybe that doesn't matter either. But I really am not sure that the existence of the nine transactions in her case have changed the character of her obligation. Well, it misreported the character of the obligation. Again, there was a single account, but they made it look like there were nine accounts. It made it look like she had opened up nine separate credit cards or taken out nine separate car loans, when really there was a single course of treatment over 31 days for a single injury arising from a single prescription from the doctor. So she went and saw the physical therapist for this single course of treatment nine times, but it was one account. And they split up that account into nine separate trade lines to make it look like she had opened up nine different accounts. Well, they split it up because the insurance, as Judge Easterbrook was saying, because the insurance company, I mean, to her benefit, she has a $60 copay on things that happen, and she has a $540, I'll make up a different number, a $600 transaction. Then she only has to pay the $60 once, whereas now she has to pay it all these other times. So I guess by consolidation, you would see that benefit? Well, how the insurance company processes claims, I think, is irrelevant in this case. And it didn't determine how the debt collector here was reporting it when it was assigned for collection. The way that it was assigned for collection was a spreadsheet that had the patient number, the invoice number, and the amount related to that invoice. And that's the information that the debt collector used to determine to split this up into nine separate accounts. But all of these debts, if character means something, wouldn't you agree that all of these debts had the same character? They were all medical debts. They were all debts that were just general unsecured obligations to pay. They were all incurred in the same place, subject to the same law, presumably. Yeah, I would say that all nine of these debts arose from a single course of treatment with the same creditor. They all have a very similar character, even though they occurred on different dates. But the issue is not whether these debts have the same character. The issue is whether it was appropriate for the debt collector to report nine separate trade lines. And trade line means account. That's how Experian defines it. That's how Equifax defines it. But is it how the statute defines it, or any regulation? When you ask how Experian defines it, why does that matter to the meaning of a statutory term? Because how Experian defines it is how you are broadcasting to the world what the nature of this debt is. And so if you're broadcasting to the world that the nature of this debt is nine separate accounts, when in fact it is only one account, then you have mischaracterized the nature of the debt to the detriment of the consumer. Now, whether the consumer's credit score was increased or decreased by the reporting of this debt, I don't believe there's evidence on the record to support it one way or the other. But obviously, any entity that's reviewing this consumer's consumer report to determine their credit worthiness is going to see a whole page full of collection accounts, separate trade lines, separately reported trade accounts. Makes it look like they owe money all over town. Makes it look like that they're a deadbeat who doesn't pay their debts, who keeps on opening up accounts and refusing to pay or struggling financially. It makes them look less credit worthy than if there was just a single trade line that's disputed, by the way. The nature of reporting these nine separate invoices as separate trade lines, when they have a dispute for each of them, dilutes the value of a dispute. Whereas if there's one trade line that consolidates all those invoices in one account, as it should have been reported, and that account is disputed, it increases the value of a consumer's dispute. I see that my time has run out. Thank you very much. All right. Thank you very much. Anything further, Ms. Strickler? Just a few quick points, Your Honor. I think one thing I heard with what my opponent said was that MBB was the one to split the accounts. And I just want to be clear that there's really been no dispute in this case that we reported exactly the way we received them from the creditor. So I just want to point that out one last time. Also, each of these separate debts had different dates of delinquency. And when there's different dates of delinquency, as determined by the creditor, that has a lot to do with, one, our ability, what we're supposed to report under the Fair Credit Reporting Act, which states that we have to report by the month and the year. And in this particular case, one of those debts, well, eight of them were in January. One was in February. So what are we supposed to pick for the date of delinquency, then, when the creditor is telling us that the date of delinquency is different for every single debt? That's not a determination that my client should have to make. I think just it comes down to, where are we to draw the line as debt collectors? And what is our responsibility to determine the character of the debt? And you think character, just to finally hammer this down? You think it means what? Good question. I mean, it's of some interest to your client, I would think. The character of the debt? It is. I mean, I see the character of the debt could be multiple different things. Like, if there's a judgment, that would obviously have an effect. That would be a character of the debt. I think, you know, when the debt was incurred... I will, anyway. Did anybody look up this word in Black's Law Dictionary? I did not do that. I was just hoping against hope. There's no regulation. Maybe Brian Garner has defined it. We can check. We will. I'm sure you all will. I don't doubt it. So with my last 30 seconds, I would just ask the court today that, obviously, is looking for this opinion to be reversed and vacated, and have judgment be entered in its favor of the district court. So thank you all for your time today. I appreciate it. Thank you very much. Thanks to both counsel. We'll take the case under advisement, and the court will be in recess.